IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**RONNIE HUNT**                                                                                                  **PLAINTIFF**

**v.**                                                                             **NO. 3:25-CV-327-MPM-RP**

**DESOTO COUNTY, MISSISSIPPI, et al.**                                        **DEFENDANTS**

## ORDER DENYING MOTION FOR LIMITED DISCOVERY

This matter is before the court on the Plaintiff's Motion for Limited Discovery, in which the plaintiff requests permission to conduct limited discovery notwithstanding the stay of discovery previously imposed by the court. ECF 7. The defendants oppose the motion. The court finds the motion is not well taken and should be denied.

The plaintiff Ronnie Hunt brought this action seeking the recovery of damages and other relief against DeSoto County, Mississippi and The State of Mississippi for alleged violations of his civil rights and other alleged wrongdoing in connection with his arrest and subsequent termination from employment as a DeSoto County Sheriff's Deputy. The State filed a motion to dismiss asserting lack of jurisdiction due to the State's sovereign immunity, whereupon the court, pursuant to Local Uniform Civil Rule 16(b)(3)(B), stayed all discovery pending the court's ruling on the State's motion. The plaintiff now requests permission to conduct limited discovery for the purpose of identifying the state employees responsible for his arrest and termination, with an eye toward amending his complaint to state claims against those individuals. The State opposes the motion, arguing that controlling Fifth Circuit precedent prohibits any discovery against an immunity-asserting defendant until its immunity motion is ruled upon. The court agrees with the State.

In support of his motion, the plaintiff cites Fifth Circuit caselaw for the proposition that where a defendant has filed a qualified immunity motion, a court may allow limited discovery that is narrowly tailored to ascertain the merits of that defense before ruling on the motion. *See Backe v.*

*LeBlanc*, 691 F.3d 645, 648-49 (5th Cir. 2012); *Wicks v. Miss. State Emp. Servs.*, 41 F.3d 991, 994 (5th Cir. 1995); *Lion Boulos v. Wilson*, 834 F.2d 504, 508-09 (5th Cir. 1987).  However, as the State points out, the plaintiff's cited cases have since been superseded in that respect.

Discussing the aforementioned cases in *Carswell v. Camp*, the Fifth Circuit clarified that "*Lion Boulos* and its progeny must be understood in light of subsequent Supreme Court precedent. The Supreme Court has now made clear that a plaintiff asserting constitutional claims against an officer asserting QI must survive the motion to dismiss without *any* discovery."  54 F.4th 307, 311 (5th Cir. 2022) (emphasis in original) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)).  This blanket prohibition of any discovery against an immunity-asserting defendant until its immunity motion is decided is applied to defendants asserting sovereign immunity as well.  *In re Paxton*, 60 F.4th 252, 256-58 (5th Cir. 2023) (citing *Carswell* and holding that district court had non-discretionary duty to rule on defendant's jurisdictional motion asserting sovereign immunity before allowing discovery against said defendant); *see also Russell v. Jones*, 49 F.4th 507, 512 (5th Cir. 2022) ("Where sovereign immunity applies, it applies totally. Plaintiffs stop at the Rule 12(b)(1) stage and don't get discovery. They don't pass go.").

For the above reasons, Plaintiff's Motion for Limited Discovery [ECF 7] is DENIED.

**SO ORDERED**, this the 21st day of January, 2026.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE