**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**RONNIE HUNT** **PLAINTIFF**

**VS.** **CIVIL ACTION NO. 3:25-cv-00327-MPM-RP**

**DESOTO COUNTY, MISSISSIPPI AND**
**THE STATE OF MISSISSIPPI** **DEFENDANTS**

**ORDER**

This cause comes before the court on the motion of the State of Mississippi, pursuant to Fed. R. Civ. P. 12(b)(1), to dismiss it from this action on the basis of Eleventh Amendment immunity. Plaintiff Ronnie Hunt has responded to the State's motion, but, in doing so, he does not appear to seriously contest that the State is, in fact, entitled to assert Eleventh Amendment immunity in this case. Plaintiff could not credibly dispute this point, since the Eleventh Amendment plainly provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens of Subjects of a Foreign State." U.S. Const. Amend. XI. This immunity encompasses "suits by citizens against their own states" and extends to a state agency, department, or entity deemed an arm or alter ego of the state. *Bd. of Trs. of the Univ. of Ala. v. Garrett*, 532 U.S. 356, 363 (2001); *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002); *Williams v. Dallas Area Rapid Transit*, 242 F.3d 315, 318 (5th Cir. 2001).

While thus appearing to concede that the State enjoys Eleventh Amendment immunity, plaintiff previously filed a motion to conduct discovery in order to identify possible individual state employees whom he might sue. [Docket entry 7]. That motion has already been denied by

Judge Percy, however, [docket entry 16] and his ruling strikes this court as being fully consistent with Fifth Circuit law. In so stating, this court notes that the Fifth Circuit has held that

> [P]utting aside the interests that sovereign immunity protects, sovereign immunity is an immunity from *suit* (including discovery), not just liability. *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). Where sovereign immunity applies, it applies totally. Plaintiffs stop at the Rule 12(b)(1) stage and don't get discovery. They don't pass go.

*Russell v. Jones*, 49 F.4th 507, 514 (5th Cir. 2022).

*Russell* was, like this action, an Eleventh Amendment immunity case, and in seeking to distinguish it, plaintiff relies upon precedent which arose in the entirely different context of qualified immunity-related discovery. *See* reply brief at 3, citing *Lion Boulos v. Wilson,* 834 F.2d 504, 507–08 (5th Cir. 1987); *Wicks v. Miss. State Employment Serv.,* 41 F.3d 991, 995 (5th Cir. 1995); *Backe v. LeBlanc,* 691 F.3d 645, 648–49 (5th Cir. 2012). In his order, Judge Percy correctly noted that even this qualified immunity precedent has been severely limited, if not outright overruled, by the Fifth Circuit's decision in *Carswell v. Camp*, 54 F.4th 307, 311 (5th Cir. 2022), but this court would regard this qualified immunity precedent as inapplicable in the Eleventh Amendment immunity context even if it remained good law. In so stating, this court notes that Eleventh Amendment immunity is of a stronger, jurisdictional nature than mere qualified immunity, and the Fifth Circuit made it clear in *Russell* that the limitations which it provides upon this court's jurisdiction are likewise limitations upon discovery. It thus seems clear that the State is entitled to immediate dismissal from this action, and, that being the case, it is not clear to this court against whom plaintiff could even direct his discovery requests.[1]

---

[1] Following the court's order today, the sole remaining defendant is Desoto County, and this defendant is clearly not a proper party to whom such discovery could be addressed.

This court therefore concludes that Judge Percy properly denied discovery on this issue, and, since plaintiff does not seriously contest the State's right to assert Eleventh Amendment immunity, that defendant's Rule 12(b)(1) motion to dismiss for lack of jurisdiction will be granted.

It is therefore ordered that the State of Mississippi's motion to dismiss for lack of jurisdiction is granted.

This, the 8th day of September, 2026.

/s/Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI